STUCKY, Judge
(concurring in the result):
I have no disagreement whatsoever with the majority concerning the merits of this case. The military judge did not commit error in applying the procedures set forth in Article 29(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 829(b) (2006), and Rule for Courts-Martial (R.C.M.) 805(d)(1) to this case. I also strongly agree with the Court’s discussion of military due process, including the applicability of Weiss v. United States, 510 U.S. 163, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994). I write separately solely because I am unable to join the majority opinion in reviewing the judgment of the United States Air Force Court of Criminal Appeals for plain error. Appellee clearly *24 waived any objection to the procedures the military judge followed, which were consistent with Article 29(b) and R.C.M. 805.
Before granting the implied bias challenge on Lieutenant (Lt.) Conn, the military judge warned Appellee that granting the challenge would have consequences. The defense counsel asked for a recess so he could discuss the issue with his client. When court reconvened an hour later, the military judge asked the defense counsel if Appellee still wished to challenge Lt. Conn. The defense maintained the challenge. The military judge granted the challenge and advised the parties “to prepare to regroup and proceed as instructed in the Manuals (sic) for Courts-Martial.” When asked whether he concurred with that approach, the defense counsel said he did.
The following day during a pretrial hearing, the military judge advised Appellee that new members had been chosen. The defense denied having any objection to the selection of the new members. After voir dire and challenges, the new members were seated and, in the presence of Appellee and his counsel, the military judge advised them of the procedures that would be followed — that the transcribed testimony of the witnesses who had already testified would be read to them. In an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006), session, the military judge advised counsel that he intended to proceed under R.C.M. 805(d), which details the procedures for reading the testimony to the new members. He then asked if counsel objected to proceeding in that manner. Defense counsel answered in the negative.
In this case, the military judge offered Appellee several opportunities to object to the procedure for replacing court members and reading a transcript of the previously given testimony to the new members. Ap-pellee did not merely forfeit this issue by not objecting, such that we would apply plain error; he affirmatively declined to object to any aspect of the procedure. Under these circumstances, I conclude he waived appellate review of this issue.